IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: ETHICON INC.,                                              MDL NO. 2327
PELVIC SUPPORT SYSTEMS PRODUCTS
LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:
**VERONICA MESSERSMITH**
Case No. 2:17-cv-03939

**PLAINTIFF VERONICA MESSERSMITH'S RESPONSE
IN OPPOSITION TO DEFENDANT ETHICON, INC.'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

COMES NOW Plaintiff Veronica Messersmith, through the undersigned counsel, and for her Response in Opposition to Defendant Ethicon, Inc.'s ("Ethicon") Motion for Partial Summary Judgment, states as follows:

Plaintiff Veronica Messersmith alleges in her Short Form Complaint (attached hereto as Exhibit 1), that Plaintiff was implanted with an Ethicon and Johnson & Johnson Prolene (TVT) Urethral Support System in Redlands, California on January 10, 2003, and has suffered injuries as a result. Plaintiff agrees with Defendant that the substantive law of California applies to Plaintiff's claims and Defendant's Motion for Summary Judgment.

Plaintiff asserts claims for Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVII, and XVIII in her Short Form Complaint. *See*, Exhibit 1. Defendant Ethicon has moved for Summary Judgment on Counts II, III, IV, V, XI, XII, XIII, and XV alleged in Plaintiff's Short Form Complaint.

<u>**ARGUMENT**</u>

**I.**        **Summary Judgment Standard**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). To satisfy this initial burden, the movant must inform the court of the basis for the motion and identify the portions of the record that show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In *Celotex*, the Supreme Court plainly stated:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. The non-movant is entitled to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to him. *See Reese v. Alea London, Ltd.*, No. 08-1535, No. 08-1536, 2009 WL 1426904, at *2 (4th Cir. May 22, 2009) citing *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir. 1979).

Summary judgment is to be granted cautiously in order to preserve substantive rights and must be "used sparingly since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury". *Exxon Corp. v. National Foodline Corp.*, 579 F.2d 1244, 1246 (Cust. & Pat. App. 1978); *Egelston v. State University College at Geneso*, 535 F.2d 752, 754 (2nd Cir. 1976).

## II.     Statement of Undisputed Facts

Plaintiff does not dispute Defendant Ethicon's statement of undisputed facts as alleged in its memorandum of law in support of this Motion. *See* Memorandum in Support of Defendant Ethicon's Motion for Partial Summary Judgement, Doc. No. 38, at 1-2. Furthermore, Plaintiff will show the following undisputed facts:

1. Plaintiff's retained expert, Dr. Bruce Rosenzweig, stated in his Rule 26 Case-Specific Expert Report, that:

> Ms. Messersmith's implanting physician, Dr. Apodaca, did not know about many of these risks prior to implanting her with both devices. Ethicon… had knowledge of these risks and therefore, they should have included them in the IFU/DFU so that Dr. Apodaca could perform an appropriate risk-benefit analysis. As a result, to a reasonable degree of medical certainty, it is my opinion Ms. Messersmith was damaged by the injuries she suffered that were not disclosed to her implanting physician by Ethicon….

See Rule 26 Case Specific Expert Report of Bruce Rosenzweig, M.D., at 16, attached hereto as Exhibit 2.

2. At her deposition, Plaintiff testified that she would have not consented to have the Ethicon Prolene device being implanted in her if she knew she would be experiencing symptoms today to the extent she is currently. See Deposition Transcript of Veronica Messersmith, at 155:7-11, attached hereto as Exhibit 4.

3. At her deposition, Plaintiff testified that she would have not consented to have the Ethicon Prolene device being implanted in her if she were told that the device needed to be removed in the future, as she understood the device was meant to be permanent. See id. at 156:24-157:3.

### III. Plaintiff's failure to warn claim (Count III) does not fail as a matter of law as Plaintiff has presented a disputed issue of material fact as it relates to causation.

While Ethicon clearly has the initial burden to point to the portions of the record that show a lack of genuine issue of material fact, Ethicon merely makes the conclusory statement that Plaintiff "cannot prove causation." See, Doc. No. 38, at 4. Ethicon proffers no evidence that Plaintiff's implanting surgeon, Dr. Lorenzo Apodaca, was otherwise informed of the risks of the Ethicon Prolene. See id. at 3-4. Rather, Defendant makes a blanket statement that since Dr. Apodaca was not deposed, Plaintiff cannot meet her burden of proof as to this claim. See id. at 3.

Dr. Apodaca can certainly testify in court as to what he knew at the time of the implant procedure, and what decisions he would have altered with having additional information or warnings. Defendant does not mention the severity of risk or permanency of any named complication. *See id*. Defendant does not even address the need for future, painful, and difficult surgeries to remove the mesh. *See id*. Ethicon has failed to carry its initial summary judgment burden of showing a lack of genuine issue of material fact as to whether its failure to warn was the cause of Plaintiff's injuries. Ethicon has not shown with such clarity that it is entitled to summary judgment based on the causation issue.

This Court has already issued several orders regarding this issue in cases substantially similar to this case. In a similar matter, this Court stated that "[a]lthough Bard undisputedly warned of some potential adverse reactions in its IFU, I FIND that there is a genuine issue of material fact as to whether the warnings were adequate." *Cisson, et al. v. C.R. Bard, Inc.*, 2:11-cv-00195, Doc. No. 272, *11 (S.D. W.Va. June 4, 2013). Furthermore, this Court found "that there is a genuine issue of material fact as to whether the allegedly inadequate warning proximately caused the injury to Ms. Cisson." *Id.* at *12. The circumstances in *Cisson* are similar to the facts in this case.

California recognizes failure to warn products liability claims under both strict liability and negligence theories. *See Kase v. Metalclad Insulation Corp.*, 6 Cal.App.5th 623 (Cal. App. 2016). "The manufacturer's duty, per strict liability instructions, is to warn of potential risks and side effects" while the "duty, per negligence instructions, to warn of facts which make the product likely to be dangerous for its intended use." *Valentine v. Baxter Healthcare Corp.*, 68 Cal.App.4th 1467, 1484 (Cal. App. 1999). A "potential" risk is one "existing in possibility" or "capable of development into actuality," while a product "likely" to be dangerous will "in all probability" or

"probably" be dangerous." *Id*. Furthermore, "[w]hether a warning is adequate is usually a question of fact." *Mariscal v. Graco, Inc.,* 52 F.Supp.3d 973, 988 (N.D.Cal. June 26, 2014) (citation omitted). Thus, this question of fact remains for the jury, even though Defendant refused Plaintiff's request to conduct Dr. Apodaca's deposition.

> Under California law, a product may be defective because of the absence of an adequate warning of the dangers inherent in its use. Even though the product is flawlessly designed and manufactured, it may be found defective within the general strict liability rule and its manufacturer or supplier held strictly liable because of the failure to provide an adequate warning… Whether a warning is adequate depends on several factors, among them "the normal expectations of the consumer as to how a product will perform, degrees of simplicity or complication in its operation or use, the nature and magnitude of the danger to which the user is exposed, the likelihood of injury, and the feasibility and beneficial effect of including a warning.

*Id.* (citations omitted).

Ethicon has not satisfied its burden by producing evidence so strong that it would necessarily persuade the trier of fact that had Dr. Apodaca read and heeded an adequate warning Plaintiff would have not proceeded with the implantation procedure.

Plaintiff has offered support of her failure to warn claims that defeats Ethicon's Motion for Partial Summary Judgement. Plaintiff's retained expert, Dr. Rosenzweig stated in his general Rule 26 report (attached hereto as Exhibit 3) a lengthy list of ways in which Ethicon failed to warn regarding certain defects contained in their products. *See*, Exhibit 3, p. 3, 25-26, 29, 34, 49, 59-61, 65-92. In his case specific report, he specifically referenced information that Dr. Apodaca should have been informed about prior to implanting the Prolene in Plaintiff, as to adequately convey those risks to her. *See* Exhibit 2, p. 16. Defendant's attempts to summarily dismiss this expert testimony in a Motion for Summary Judgment are not appropriate. At her deposition, Plaintiff testified that she would have not consented to have the Ethicon Prolene device being implanted in her if she knew she would be experiencing symptoms today to the extent she is currently. *See*

Deposition Transcript of Veronica Messersmith, at 155:7-11, attached hereto as Exhibit 4. Moreover, Plaintiff testified that she would have not consented to have the Ethicon Prolene device being implanted in her if she were told that the device needed to be removed in the future, as she understood the device was meant to be permanent. *See id.* at 156:24-157:3. These statements combined with Dr. Rosenzweig's opinions defeat Ethicon's request for summary judgment as to Count III. As such, summary judgment should be denied as to this claim. Accordingly, there are genuine issues of material fact as to whether the warnings were adequate and whether the inadequate warnings proximately caused Plaintiff's injuries.

**IV. Strict Liability – Defective Product Claim (Count IV) and Design Defect Claim (Count V).**

**A. Defective Product Claim (Count IV)**

Plaintiff opposes dismissal for her Defective Product Claim (Count IV). "Strict liability has been imposed for three types of product defects: manufacturing defects, design defects, and "'warning defects.'" *O'Neil v. Crane Co.,* 266 P.3d 987, 994 (Cal. 2012) (citation omitted). "The third category describes "products that are dangerous because they lack adequate warnings or instructions." *Id.* (citation omitted). "Generally speaking, manufacturers have a duty to warn consumers about the hazards inherent in their products." *Id.* at 997 (citation omitted). "The requirement's purpose is to inform consumers about a product's hazards and faults of which they are unaware, so that they can refrain from using the product altogether or evade the danger by careful use." *Id.* (citation omitted). "Typically, under California law, we hold manufacturers strictly liable for injuries caused by their failure to warn of dangers that were known to the scientific community at the time they manufactured and distributed their product." *Id.* (citations omitted).

Although Plaintiff does not oppose granting summary judgement as to her manufacturing defect and design defect claims, as further addressed below, this claim encompasses Plaintiff's failure to warn claim that should survive summary judgment. Plaintiff incorporates and adopts her arguments and facts in Section III above as if fully set forth herein. Accordingly, Defendant's request for summary judgment as to Plaintiff's Defective Product Claim (Count IV), should be denied.

B. **Design Defect Claim (Count V)**

Based on the evidence adduced in this case and California law, Plaintiff does not oppose the granting of summary judgment in favor of Defendant Ethicon on Count V.

V. **Manufacturing Defect Claim (Count II)**

Plaintiff does not intend to pursue a separate claim for "manufacturing defect," as such claim has been previously construed by this Court in *Eghnayem v. Boston Scientific Corp.* No. 2:13-CV-07965, 2014 WL 5460605, at *2 (S.D.W. Va. Oct. 27, 2014). Plaintiff therefore does not oppose the granting of summary judgment in favor of Defendant Ethicon on Count II.

However, Plaintiff does intend to present evidence that Ethicon's manufacturing process and the raw materials used in the manufacture of the Prolene (TVT) product resulted in defects in the products in a manner which supports Plaintiff's negligence, failure to warn, and punitive damages claims. This position is consistent with the Court's prior rulings. *See, e.g., Cisson*, C.A. No. 2:11-cv-00195, Dkt. No. 272 (Memorandum Opinion and Order, Bard Motion for Partial Summary Judgment), at p. 8 ("Although this process is part of the manufacturing process of the Avaulta products, it would fall within the category of a *design* defect and not a *manufacturing* defect if the process, albeit faulty, were the same for all of these products…[T]he alleged

7

inadequate pore size and use of improper polypropylene material in the Avaulta products is a design issue."). By not contesting Ethicon's Motion as to "manufacturing defect," Plaintiff does not agree to waive the right to present evidence relating to Ethicon's manufacturing process and raw materials used.

## VI. Plaintiff does not Oppose a Grant of Summary Judgment on her Warranty Based Claims.

Based on the evidence adduced in this case, Plaintiff does not oppose the granting of summary judgment in favor of Defendant on her "warranty claims" contained in Counts XI and XII of her Short Form Complaint.

## VII. Consumer Protection Claim (Count XIII)

Plaintiff does not intend to pursue a separate "consumer protection claim." Plaintiff therefore does not oppose the granting of summary judgment in favor of Defendant Ethicon on Count XIII.

However, to the extent Plaintiff seeks damages under California's Unfair Competition Law ("UCL"), Plaintiff does intend to present evidence of the injuries she sustained by Ethicon's stance on rushing the Prolene product to market to gain a competitive advantage over other manufacturers. Plaintiff will also show that this misconduct is widespread. These and many additional facts will be shown in support of Plaintiff's Punitive Damages Claim (Count XVII), which Defendant does not seek summary judgment on.

## VIII. Unjust Enrichment Claim (Count XV)

Based on the evidence adduced in this case and California law, Plaintiff does not oppose the granting of summary judgment in favor of Defendant Ethicon on Count XV.

## IX. Conclusion

WHEREFORE, for the reasons stated above, Plaintiff Veronica Messersmith respectfully requests this Court deny in part Defendant Ethicon's Motion for Partial Summary Judgment.

Dated: October 17, 2018.

RESPECTFULLY SUBMITTED,

**FLINT LAW FIRM, LLC**

/s/ Jacob A. Flint
Jacob A. Flint, IL Bar No. 6299777
Andrew J. Feldman, IL Bar No. 6292797
Flint Law Firm, LLC
222 E. Park St., Suite 500
Edwardsville, IL 62025
Phone: 618-288-4777
Fax: 618-288-2864
jflint@flintlaw.com
afeldman@flintlaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

By: */s/ Jacob A. Flint*
Attorney for Plaintiff